No. 419

First Circuit

---

## JOINER v. STEVENS

---

(February 13, 1929.  Opinion and Decree.)

---

Ellis, Ellis & Ellis, of Amite, attorneys for plaintiff, appellee.

Robert M. McGehee, of Hammond, attorney for defendant, appellant.

ELLIOTT, J.   A. O. Joiner, travelling northward in his automobile with his wife and nephew, and Claude Stevens travelling southward in his automobile, with his wife and a friend, collided with each other on the highway between the towns of Tickfaw and Natalbany.  Their automobiles were both injured as a result of the impact; that of the plaintiff to the extent of $153.55.  He alleges that the negligence, carelessness, wrong and recklessly fast driving of Stevens was the sole cause of the collision, and claims of him the damages he sustained.

The defendant Stevens denies the negligence and carelessness alleged against him, and charges that the collision was due to the negligent, careless, wrongful and reckless driving of the plaintiff.  He alleges that his automobile was damaged to the extent of $80.50, and that his character, credit, name and standing with his company have been damaged by plaintiff's charges against him to the extent of $5000.00.  He prays that plaintiff's demand against him be rejected, and that he have judgment on his demand in reconvention against the plaintiff for $5080.50.

The petition of the plaintiff and the answer of the defendant contain other allegations against each other, but for the purpose of a review of the case a further recapitulation is not necessary.

There was judgment in favor of the plaintiff for $153.55, with interest.

The defendant has appealed.

The case is one of fact as to whether plaintiff or defendant was at fault.  According to the plaintiff and his witnesses the collision was due entirely to the fault, negligence, recklessly fast and wrong driving of the defendant.

The defendant and his witnesses say that the collision was entirely due to the neglect, fault and recklessly fast and wrong driving of the plaintiff.

We have considered the evidence adduced on the subject.  It would serve no useful purpose to comment on the testimony at length.  It is our conclusion from a review of the evidence that the plaintiff is entitled to recover the amount for which he received judgment in the lower court, and that the demand of the defendant was properly rejected.

Defendant and appellee to pay the cost in both courts.